**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4414**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOHN ROBINSON,

                Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00062-RJC-2)

Submitted: October 9, 2008      Decided: October 22, 2008

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICE OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, David A. Brown, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, John Robinson pled guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to 262 months in prison. Robinson appeals, claiming the district court abused its discretion by denying his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea once the plea has been accepted by the district court. Fed. R. Crim. P. 11(d); United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Fed. R. Crim. P. 11(d)(2)(B). In deciding whether to permit a defendant to withdraw his guilty plea, the district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and

2

(6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). To show a fair and just reason to withdraw a plea based on ineffective assistance of counsel, a defendant must demonstrate "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced in the sense that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted upon going to trial." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (internal quotation marks, alterations and citation omitted).

Robinson received an adequate Fed. R. Crim. P. 11 hearing, which creates a strong presumption that his guilty plea was final and binding. See id. Robinson argues, however, that his guilty plea was not knowing and voluntary because he was unaware of a potential defense to the charges against him. Robinson further alleges that he did not enjoy the close assistance of competent counsel. We find that Robinson failed to either offer "credible evidence that his plea was not knowing and voluntary," Moore, 931 F.2d at 248, or demonstrate "that his counsel's performance fell below an objective standard of reasonableness," Lambey, 974 F.2d at 1394 (internal quotation marks omitted). In addition, Robinson's present allegations are

belied by his statements at the plea hearing, see Blackledge v. Allison, 431 U.S. 63, 74 (1977), which "carry a strong presumption of verity." Accordingly, we conclude that the district court did not abuse its discretion by determining that Robinson failed to present a fair and just reason that his guilty plea should be withdrawn.

We therefore affirm Robinson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED